WILLIAM F. STIEHM, Appellant, v. GUTHRIE FARMERS' ELEVATOR COMPANY, a Corporation, Respondent.

(169 N. W. 318.)

**Conversion — damages — action to recover — seed lien — grain converted — must show it was produced from seed furnished — otherwise no lien attached — verdict of jury — conclusive on material facts.**

1. Plaintiff brought an action in conversion against defendant to recover the value of a certain quantity of wheat upon which plaintiff claimed a seed lien under §§ 6851, 6852, Comp. Laws 1913: *Held,* in order for plaintiff to recover he must show the grain in question was produced from the seed or part of the seed so furnished by him. The verdict of the jury was in defendant's favor. It necessarily follows plaintiff failed to prove the grain in question was produced from the seed or part of the seed furnished, for which lien is claimed.

**New trial — motion for.**

    2. The trial court properly denied a new trial.

Opinion filed July 27, 1918.    Rehearing denied November 16, 1918.

Appeal from District Court of McHenry County; Honorable *A. G. Burr,* Judge.

Affirmed.

*F. B. Lambert,* for appellant.

"The statements made by the witness on his oral examination were immaterial upon the main question in the case, as such statements were in square conflict with those made in the document offered in evidence. This being so the document was competent evidence as tending to impeach the witness." Baumer v. French, 8 N. D. 328, 79 N. W. 340.

Such document, when offered for such purpose, was proper, and it was reversible error for the trial court to disallow it. Taugher v. N. P. R. Co. 21 N. D. 111, 129 N. W. 747.

"Any person who shall furnish to another seed to be sown or planted on lands owned or contracted to be purchased, used, occupied, or rented by him, shall, upon filing the statement provided for in the next section, have a lien upon all the crops produced from such seed so furnished to secure the payment of the purchase price thereof." Comp. Laws 1913, § 6851; Mitchell v. Monarch Elev. Co. 15 N. D. 495, 197 N. W. 1086.

"The statute is remedial in its nature and must be construed liberally to carry out its object, if that can be done with reasonable construction of its language." State v. Shannon (S. D.) 64 N. W. 175.

In determining the meaning of a law or the intention of the lawmakers, the evil sought to be remedied should be considered. This is a well-settled rule of construction. People v. Wintermute, 1 Dak. 65; Re Hendricks, 5 N. D. 114, 64 N. W. 110; Brown County v. Aberdeen, 4 Dak. 402, 31 N. W. 735; Stern v. Fargo, 18 N. D. 289, 26 L.R.A.(N.S.) 665, 122 N. W. 403; State ex rel. Flaherty v. Hanson, 16 N. D. 347, 113 N. W. 371.

It is not necessary for plaintiff to prove conclusively that the grain converted was actually grown from the seed he furnished; that

plaintiff's seed lien is not limited to the price or value of the grain actually so produced.

"As before stated, our seed-lien law is analogous to mechanics' liens statutes, and authorities are numerous under the latter statutes to the effect that the materialman is not required, at his peril, to see that all materials furnished are actually used in the building; whether it is so used or not he is entitled to a lien for the materials furnished." Schlosser v. Moores, 16 N. D. 185, 112 N. W. 81; 20 Am. & Eng. Enc. Law, 2d ed. 286, 347, and cases cited; Hickey v. Collom, 47 Minn. 565, 50 N. W. 918; Burns v. Sewell, 48 Minn. 425, 51 N. W. 224; Fullerton v. Leonard, 3 S. D. 118, 52 N. W. 325; Williametta Mills Co. v. Shea, 24 Or. 40, 32 Pac. 759; Boisot, Mechanics Liens, 173, and cases cited; note to Wilcox v. Woodrugg, 17 L.R.A. 315; Phillips v. Gilbert, 101 U. S. 721, 25 L. ed. 833; Sergeant v. Denby, 87 Va. 206, 12 S. E. 402; Phillips, Mechanics Liens, § 369; Small v. Foley, 47 Pac. 68; Frudden Lbr. Co. v. Kinnon (Iowa) 90 N. W. 515; Re Cook, Fed. Cas. No. 3,151.

"The lien attaches to the property as a whole, and therefore no lien will attach to a part of the entirety." Rockel, Mechanics Liens, §§ 19, 132; Stoltz v. Hurd, 20 N. D. 412, 128 N. W. 115; Thompson v. Dinnie, 21 N. D. 305, 130 N. W. 935; Salzer v. Calfin, 16 N. D. 601, 113 N. W. 1036; Schouweiler v. McCaull (S. D.) 99 N. W. 95; Crawford v. Howell, 101 Ind. 421; Lewis v. Taylor (Iowa) 35 N. W. 601; Childs v. Anderson, 128 Mass. 108; Compound v. Fehlhammer, 59 Mo. App. 66; Davis v. Farr, 13 Pa. 167; Eizenbeis v. Woheman (Wash.) 28 Pac. 923; Meyers Lbr. Co. v. Trigstad, 22 N. D. 558, 134 N. W. 714.

*Nestos, Carroll & Herigstad,* for respondent.

The mechanic or materialman has a lien upon the property which his labor or material has improved. Similarly, he who furnishes seed grain for the raising of a crop has a lien upon the crops produced by and from such seed.

Judging from plaintiff's brief and argument, he has evidently overlooked this important and controlling principle. Frost v. Atwood, 73 Mich. 67, 41 N. W. 96; 17 R. C. L. 597; Lowe v. Woods, 100 Cal. 408, 34 Pac. 959; Idaho Gold Min. Co. v. Winchell, 6 Idaho, 729, 59 Pac. 583; Small v. Robinson, 69 Me. 425, 31 Am. Rep. 299;

Robinson v. Baker, 5 Cush. 137, 51 Am. Dec. 54; Fitch v. Newburg, 1 Dougl. (Mich.) 1; Drummond Carriage Co. v. Mills, 40 L.R.A. 761, 74 N. W. 987; Sargent v. Usher, 20 Am. Rep. 208.

The charge of the court that "the burden of proof in this case, as in all civil cases, is on the plaintiff to establish his cause of action by a fair preponderance of the evidence, that is, by the greater weight of the evidence," is a correct statement of the law in its application to such matter, and this is the first instance where we have ever heard of such form of charge being challenged as incorrect. 1 Sackett's Instructions, 283; Roberge v. Bonner, 185 N. Y. 265, 77 N. E. 1023.

Complaints in such actions must conform to the requirements of the statutes. Comp. Laws 1913, § 6851; Lavin v. Bradley, 1 N. D. 291; Chaffee v. Edinger, 29 N. D. 537.

In this case no grain grew. None was produced. No value accrued from the seed furnished by plaintiff. There was nothing which could be impressed with a lien. Plaintiff had no lien, and therefore has sustained no damages. There was no conversion of any grain or property in which plaintiff had an interest. Schlosser v. Moores, 16 N. D. 185, 112 N. W. 81.

Any attempt at fraud and diversion of grain would estop a debtor to claim relief from a lien, but no such law or question is present here. A law attempting to hold out any such right or authority would be invalid. N. D. Const. § 13.

The granting or refusing of a new trial by the trial court will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of discretion. Grant v. Grant, 6 S. D. 147; Williams v. C. & Mo. R. Co. 5 S. D. 20; Morrow v. Letcher, 10 S. D. 34; Merchants Nat. Bank v. Stabbins, 10 S. D. 464; Distad v. Shanklin, 11 S. D. 6.

A motion for a new trial on the ground of insufficiency of the evidence is addressed to the sound judicial discretion of the trial court, and its decision will not be molested except for clear abuse appearing. Gull River Lbr. Co. v. Osborn McMillan Lbr. Co. 6 N. D. 276; Bauner v. French, 8 N. D. 322; Zink v. Lahart, 16 N. D. 56; Ross v. Robertson, 12 N. D. 27; Bristol & S. Co. v. Skapple, 17 N. D. 271; Casey v. First Bank, 20 N. D. 211.

The courts now universally hold that the sound discretion of the

trial court when exercised on motion for new trial will not be disturbed on appeal. Anderson v. Medbery (S. D.) 92 N. W. 1087; Frye v. Ferguson, 6 S. D. 392, 61 N. W. 161; Betky v. Betky, 15 S. D. 310, 89 N. W. 479; Patch v. N. P. R. Co. 5 N. D. 55; Dinnie v. Johnson, 8 N. D. 153; Wells v. Gallagher (Ala.) 3 L.R.A.(N.S.) 759; Ross v. Robertson, 12 N. D. 27; 14 Enc. L. & P. 978, 983.

GRACE, J. Appeal from the district court of McHenry county, North Dakota, Honorable A. G. Burr, Judge.

The action is one to recover the amount claimed under a seed lien for seed sold by the plaintiff to one Leonard Bredstrand. The description of the land in the seed lien upon which such seed was to be sowed was the E. ½ of section 7, and the S. E. ¼ of section 17, township 152, range 75. The lien was properly executed and filed within the proper time and the purchase price of the seed wheat has never been paid. The answer puts in issue the allegations of the complaint. We are of the opinion that the issues in the case narrow down to the simple question of whether or not there was any grain produced from the seed furnished from plaintiff to Bredstrand, which grain, if produced from such seed, was purchased and converted by the defendant. It must be clear that if there was no grain produced from the seed, there is no seed lien, as the lien attaches only to the grain produced from the seed furnished for which lien is claimed. Section 6851, Compiled Laws 1913, contains the following language:

"Any person who shall furnish to another seed to be sown or planted on the lands owned or contracted to be purchased, used, occupied or rented by him, shall upon filing the statement provided for in the next section, *have a lien upon all the crop produced from the seed so furnished, to secure the payment of the purchase price thereof.*"

It seems certain that there is no doubt but what the seed was furnished by the plaintiff to Bredstrand and that the seed lien was timely filed and that in the lien there was a proper description of the land upon which the seed was to be sowed, and the requirements of § 6852, Compiled Laws 1913, were complied with, it appearing that a statement in writing verified by oath, showing the kinds and quantities of seed, its value, the name of the person to whom furnished, and a description of the land upon which the same is to be or has been planted

or sown, was filed in the office of the register of deeds in the county in which the seed is to be sown or planted.

The question in this case is: Was the wheat, for the value of which the plaintiff has sued the defendant, produced from the seed or part of the seed that was furnished by the plaintiff to Bredstrand? This is the vital question in the case. The burden of proof is on plaintiff to establish this fact. He must prove all the facts necessary to substantiate his lien. That is, he must prove that he furnished the seed to Bredstrand to be sowed upon the land in question that was described in the lien statement filed with the register of deeds; that the lien was executed and filed within thirty days after the time of the furnishing of the said seed, and that thereafter the seed was sowed or planted upon the land described in the lien statement, and that from said seed so planted or sowed the grain in question was produced.

The plaintiff must prove all the foregoing facts to establish his lien and his cause of action thereunder. It is true the answer contains no general denial, but that did not relieve the plaintiff from the necessity of proving, by a preponderance of the evidence, that the grain in question was produced from the seed furnished by plaintiff to Bredstrand. There is a specific denial that any of the seed grain furnished by plaintiff was used on the E. $\frac{1}{2}$ of section 7. It was a question of fact properly submitted to the jury whether the grain in question was produced from the seed furnished by plaintiff to Bredstrand. The jury, under all the testimony, found in favor of the defendant. The appellant, in his brief on page 33, uses the following language:

"True, if the court is to hold that the burden is on the plaintiff to show that the seed sown actually produced a crop and leaving no question on this point whatever, we are willing to concede that it would not only be impossible for this plaintiff to prove his case, but it would be impossible for any other person, either in the past or in the future, to show that said grain sown actually produced a crop."

In the plain words of the statute, the plaintiff must show that the grain in question is of the crop produced from the seed so furnished, and unless the plaintiff does this he has not established his lien upon the grain in question. The jury found a verdict in favor of the defendant and that verdict is conclusive on the question of fact whether

the grain in question was produced from the seed sold by plaintiff to Bredstrand.

The plaintiff assigns error by reason of certain instructions of law given by the court to the jury, and particularly part of the instructions which is as follows:

"The plaintiff must show that he has a right to his seed lien on the wheat which he claims the defendant received and converted. In order to do this the plaintiff must show: First, that he sold seed wheat to the said Bredstrand to be sown on the land in question; second, that this wheat or a part thereof was in fact sown in said land; third, that there was a crop grown and harvested therefrom."

The court further instructed thus:

"So far as this case is concerned there is no issue as to the furnishing of the seed by the plaintiff. The principal issue to be determined first is whether there was a crop grown on the land and produced from the seed furnished by the plaintiff. The plaintiff must show that the wheat taken by the defendant was wheat grown from seed furnished by this plaintiff."

Clearly there is no error at law in the giving of such instructions. The trial court clearly and accurately stated the law. Another part of the instructions of the court upon which error is assigned is as follows:

"The burden of proof in this case, as in all civil cases, is upon the plaintiff to establish his cause of action by fair preponderance of the evidence. This is not established necessarily by the number of witnesses who testify on his side, but by the weight and credence you give to the witnesses."

It is needless to say there is no error in giving such instruction. We have examined the instructions of the court and hold that they state the law of the case clearly and accurately and contain no reversible error.

It is not necessary to analyze the seed grain and feed law enacted at the special session of the legislature in 1918, in chapter 13 of the laws passed at such special session, as such law has no relation to this case.

Bredstrand testified that of the wheat he got from Stiehm, he seeded around seventy acres or between sixty and seventy acres on the S.

E. ¼ of section 17. He testified positively that he raised no wheat from such seed, and the substance of his testimony is that he seeded the same land to flax as the wheat was blown out. He further testified in substance that there was some wheat raised upon the S. E. ¼ of section 17, on a certain twenty acres, but that seed for that twenty acres was obtained from Mrs. Macken or was seed that he had left from the Macken seed. The following question was asked Bredstrand:

Q. Did you raise any wheat on that land at all where the wheat was sown?
A. No, sir.

The appellant assigns error based upon the exclusion of Exhibit 11 by the trial court. There was no reversible error in excluding such exhibit. Exhibit 11 is a lien statement executed by Mrs. Macken setting forth the number of bushels of wheat she furnished Bredstrand to be sown on the S. E. ¼ of section 7, township 152, range 76. This lien statement is signed and acknowledged by Mrs. Macken. After the acknowledgment and the signature of the notary public, the following words were printed on said instrument:

"I do hereby acknowledge that the above-named lien claimant has furnished me seed in the quantity, of the value and at the agreed prices as stated in the foregoing lien statement.

"(Dated) March
"(Signed) Leonard Bredstrand."

It is clear from this that Bredstrand is simply acknowledging the quantity and value of the wheat and says nothing about the land upon which it is to be sown. It would hardly seem that statements made by Mrs. Macken as to where the seed she furnished was to be seeded, would be material to this case, but if the exhibit had been admitted by the court it would tend to prove only that Mrs. Macken furnished seed for the S. E. ¼ of section 7, township 152, range 76, but this would in no way tend to prove that the wheat in question was produced from the seed furnished Bredstrand by plaintiff. Neither can we see

how it in any manner affected the credibility of any other testimony given by Bredstrand. There is no reversible error in the refusal of the court to receive Exhibits 11 and 12 in evidence. The court committed no error in refusing to receive in evidence any of the exhibits excluded, for the reason that none of them would prove or tend to prove that the grain in question was produced from the seed or part of the seed furnished by plaintiff to Bredstrand.

Plaintiff must prove, to recover in this case, that the grain in question was produced from the seed or part of the seed furnished by plaintiff to Bredstrand. This, plaintiff virtually concedes that he cannot do. It is plain, under such circumstances, that a new trial could avail the plaintiff nothing. It appears to us the verdict of the jury finds support in the evidence, and the jury being the exclusive judges of the facts, their verdict will not be disturbed.

The order appealed from is affirmed with costs.